**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| TERESA BLOODMAN, Parent and Natural Guardian of John Doe, a Minor | PLAINTIFF |
| V.                    4:11CV00818 JMM | |
| DR. TOM KIMBRELL, Arkansas Department of Education, et al, | DEFENDANTS |

**ORDER**

Pending are the motions to dismiss filed by the Defendants. Plaintiff has responded to the motions. For the reasons set forth below, the motions are GRANTED.

I.    Standard Used for Rule 12(b)(6) Motion

The United States Supreme Court has clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (internal citations omitted). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ⎯⎯ U.S. ⎯⎯,

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility."  *Id.*  It is not, however, a "probability requirement."  *Id.*

    II.    <u>Analysis of the Law</u>

In her Second Amended Complaint, Plaintiff alleges that the Defendants violated her son's right to due process and equal protection by initially selecting him for the high school basketball team and later dismissing him from the team based on additional try-outs.  Plaintiff also alleges that her son was excluded from the team in violation of Title IX.

    A.    <u>Due Process Claim</u>

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State ... shall ... deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To establish a procedural due process violation, a plaintiff must first establish that a protected liberty or property interest is at stake.  *See Marler v. Missouri State Bd. of Optometry*, 102 F.3d 1453, 1456 (8th Cir. 1996).  Defendants argue that there is no constitutionally protected right to participate in interscholastic athletics.

Property interests are not created by the Constitution-they are created and delineated by existing rules or understandings that stem from state law.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1491, 84 L.Ed. 2d 494 (1985); *see also Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed. 2d 684 (1976) (finding that property interests are defined by state law).  The State of Arkansas has not created a property interest in participating in high school athletics.  The Arkansas Supreme Court stated that although there is a

constitutional right to a free public school education in this State, "there is clearly no constitutional right to play sports or engage in other school activities." *Ark. Activities Ass'n v. Meyer*, 805 S.W.2d 58, 61 (Ark. 1991). Therefore, Plaintiff's son has no protected liberty or property interest in playing on the boys' basketball team at Maumelle High School and cannot state a claim for a due process violation.

Moreover, the Eighth Circuit Court of Appeals has stated that "there is no clearly established right of parents to have their children compete in interscholastic athletics." *McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1211 (8th Cir. 1992). At least two federal district courts in this circuit have interpreted the *McFarlin* court's statement to mean that neither a parent nor a student have a property interest in playing interscholastic sports. *See Wooten v. Pleasant Hop R-VI Sch. Dist.,* 139 F. Supp. 2d 835 (W.D.Mo. 2000); *Peterson ex re. Peterson v. Ind. Sch. Dist. No*. 811, 999 F.Supp. 665 (D.Minn. 1998). *But see Boyd v. Bd. of Dir. Of McGehee Sch. Dist.,* 612 F.Supp. 86, 93 (E.D. Ark. 1985) (student's "privilege of participating in interscholastic athletics must be deemed a property interest protected by the due process clause of the Fourteenth Amendment.").

Further, the vast majority of courts to consider this issue nationwide have found that a student has no constitutional right to participate in extracurricular athletics. *See Doe v. Silsbee Ind. Sch. Dist.,* 402 Fed. Appx. 852, 854, (5th Cir. 2010), *cert. denied*, 2011 WL 675712 (U.S. 2011); *Angstadt v. Midd-West Sch. Dist.,* 377 F.3d 338, 344 (3d Cir. 2004); *Seamons v. Snow*, 84 F.3d 1226, 1234-35 (10th Cir. 1996); *Hebert v. Ventetuolo,* 638 F.2d 5, 6 (1st Cir. 1981); *Walsh v. Louisiana High School Athletic Assn.*, 616 F.2d 152 (5th Cir. 1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed. 2d 109 (1981); *Hamilton v. Tennessee Secondary School Athletic*

3

*Ass'n*, 552 F.2d 681, 682 (6th Cir. 1976); *Albach v. Odle*, 531 F.2d 983, 984-85 (10th Cir. 1976).

This Court agrees with the majority view that a student's interest in playing interscholastic sports is not protected by the due process clause. "[I]t is not within the power granted to federal courts to right every wrong that may be inflicted on individuals in our society." *McFarlin v. Newport Special School Dist.,* 784 F.Supp. 589, 593 (E.D.Ark. 1992). "Without unequivocal direction from the Eighth Circuit, this Court is reluctant to embroil itself in the day-to-day decisions of teachers, coaches and school administrators." *Wooten,* 139 F.Supp. 2d at 843.

For these reasons, neither Plaintiff nor her son have a protected liberty or property interest in playing on the boys' basketball team at Maumelle High School. The Court finds that Plaintiff has failed to state a procedural due process violation. Defendants' motions to dismiss Plaintiff's due process claim are GRANTED.

B.  Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Participation in interscholastic athletics is an important part of the educational process. Nonetheless, education has not been deemed a fundamental right under the fourteenth amendment requiring application of strict judicial scrutiny." *In re U. S. ex rel. Missouri State High School Activities Ass'n,* 682 F.2d 147, 151 (8th Cir. 1982) (citing *San Antonio Independent School District v. Rodriquez*, 411 U.S. 1, 29-39, 93 S.Ct. 1278, 1294-1300, 36 L.Ed. 2d 16 (1973)). If a claim for equal protection does not involve a suspect class or a fundamental right, courts review state action using a rational basis test. Under the rational basis test, the reason for state action need only be rationally related to a legitimate state purpose. *Id.* at 152.

Plaintiff claims that her son was removed by the Defendants from the Maumelle basketball team following an additional team try-out held before basketball season began. Plaintiff contends that the Defendants held the additional try-out, the third try-out, to allow the football players an opportunity to be on the basketball team once football season had concluded. A rational basis clearly exists for granting an additional try-out opportunity for students who are interested in playing basketball but were unable to participate in the initial try-outs. "Whether the rule is wise or creates undue individual hardship are policy decisions better left to legislative and administrative bodies. Schools themselves are by far the better agencies to devise rules and restrictions governing extracurricular activities. Judicial intervention in school policy should always be reduced to a minimum." *In re U. S. ex rel. Missouri State High School Activities Ass'n,* 682 F.2d at 152 -153.

The Court finds that Plaintiff has failed to state a claim for violation of her rights, or her son's rights, to equal protection under the Fourteenth Amendment. Defendants' motions to dismiss Plaintiff's equal protection claim are GRANTED.

    C.    <u>Title IX Claim</u>

Plaintiff claims that the Defendants violated Title IX by removing her son from the basketball team. Title IX provides that "[n]o person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). There is no allegation in the Second Amended Complaint that Plaintiff's son was excluded from the boys basketball team because of his sex. Therefore, Plaintiff has failed to state a claim for relief under Title IX. Defendants' motions to dismiss

5

Plaintiff's Title IX are GRANTED.

    D.    State Law Claims

When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually "will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Import Antitrust Litigation,* 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed. 2d 720 (1988); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006); 28 U.S.C. § 1367(c)(3)). Because the Court has dismissed Plaintiff's only federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims are dismissed without prejudice.

    III.    Conclusion

Plaintiff's claims that the Defendants' violated her son's right to due process and equal protection under the Fourteenth Amendment and violated Title IX are dismissed pursuant to Rule 12(b)(6) for failure to state a claim.[1] Plaintiff's remaining state law claims are dismissed without prejudice. Accordingly, Defendants' Motion to Dismiss (Docket # 79 and # 83) are GRANTED. The Clerk is directed to close the case.

    IT IS SO ORDERED this 17th day of August, 2012.

*/s/ James M. Moody*
James M. Moody
United States District Judge

---

[1] Because Plaintiff has failed to state a claim, there is no reason to analyze the immunity issues presented by the Defendants.