**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TERESA BLOODMAN, PARENT AND NATURAL GUARDIAN OF**
**JOHN DOE, A MINOR CHILD**                                                      **PLAINTIFF**

**V.**                              **CASE NUMBER: 4:11-CV-00818-JMM**


**DR.   TOM   KIMBRELL,   ARKANSAS   DEPARTMENT   OF   EDUCATION,**
**INDIVIDUALLY NAMED AND OFFICIAL CAPACITY;**
**DR. JERRY GUESS, SUPERINTENDENT, PULASKI COUNTY SPECIAL SCHOOL**
**DISTRICT, INDIVIDUALLY NAMED AND OFFICIAL CAPACITY;**
**DR. TAMEKA BROWN, PRINCIPAL, MAUMELLE HIGH SCHOOL INDIVIDUALLY**
**NAMED AND OFFICIAL CAPACITY; MICHAEL SHOOK, COACH, MAUMELLE**
**HIGH SCHOOL, INDIVIDUALLY NAMED AND OFFICIAL CAPACITY;**
**GROVER GARRISON, COACH, MAUMELLE HIGH SCHOOL, INDIVIDUALLY**
**NAMED AND OFFICIAL CAPACITY; SHERMAN COX, ATHLETIC DIRECTOR,**
**MAUMELLE HIGH SCHOOL, INDIVIDUALLY NAMED AND OFFICIAL CAPACITY**
**DEFENDANTS**


## MEMORANDUM IN SUPPORT THEREOF FOR EXTENSION OF TIME AND TO AMEND THE SCHEDULING ORDER AND OTHER PENDING MATTERS

## I.

## BACK GROUND

The above styled matter was initiated on November 16, 2011.  On August

17, 2012, this case was dismissed by this Court.  On September 17, 2012, Plaintiff

filed a Notice of Appeal to the Eighth Circuit.  On September 25, 2013, the Eighth

Circuit reversed this case in part.  This case is currently set for trial the week of

February 24, 2014.  The Discovery cutoff date is February 7, 2014.  Plaintiff

previously served defendants  Notice of Depositions in this matter.  On January 27,

2014, the attorney for Defendants Brown, Shook, Garrison and Cox advised that none of the defendants will be available for deposition during dates notice of deposition were served on the defendants.    Further, Defendants' attorney advised he would be out of town during the week of February 5, as such none of the defendants or their counsel would be available would not be available on said dates.  Defendants' attorney advised that his clients would be available during the week of February 18 and 24, 2014 for deposition.  However, the week of February 24, is the week this matter is scheduled for trial.  Meanwhile, on January 31, 2013, the defendants' attorney, J. Becquette, served a Notice of Cross Deposition on Plaintiff for a date in which he had previously advised that neither he nor his defendants would be available for deposition.

Additionally, Defendant Kimbrell's attorney, Scott Richardson, advised that his client is extremely busy with meetings and unable to be present for deposition on February 5 or any other date prior to the week of February 24, also. Also, on January 29, 2014, Defendant Kimbrell's attorney served a Notice of Deposition on Plaintiff for February 5, 2014, a date in which he also advised that defendant Kimbrell would not be available for deposition.

Both attorneys have vehemently and concertedly refused to coordinate with Plaintiffs' good faith attempts to schedule all of the defendant's depositions.

The undersigned advised both defendants' attorneys that since none of the defendants' would be available for deposition prior to the discovery deadline of February, the undersigned would file a motion for extension of discovery deadlines.  The undersigned also advised both counsel that she would agree to be deposed on the same date and time that Defendants were available following the deposition of all defendants.

Defendants are attempting to direct and change Plaintiff's strategy and right to depositions in the order deemed necessary in order to develop facts sufficient to withstand any motions that the Defendants will likely file. Further the Plaintiff has undertaken to schedule the depositions in good faith while the Defendants are resisting these efforts.

Plaintiffs now ask this court to extend the motions and discovery deadline due to their uncooperativeness, and failure to proceed with discovery or assist with the same in setting depositions in this matter.

## II.

## ADDITIONAL BACKGROUND

On March 26, 2012, Plaintiff served defendants with Interrogatories and Requests for Production of Documents on the defendants.  To date, the defendant Kimbell has not served the Plaintiffs with any answers.  Defendants Brown, Shook, Garrison and Cox have served the Plaintiffs with some answers and partial

discovery.  Instead to further frustrate the discovery process, on April 25, 2012,

defendant filed a motion for protective order. (Docket Entry No. 53)

On Mach 28, 2012, the undersigned communicated a request to

opposing counsel to take the depositions of the defendants Brown, Shook, Garrison

and Cox on either April 2, 3, 4 or May 2, 3, 4, 2012.  Plaintiff requested that

defendants' counsel advise if the requested dates were not convenient.  Plaintiff did

not receive any response from the defendant's counsel.

On April 28, 2012 the Plaintiff forwarded a second request to

opposing counsel to take the depositions of the defendants Brown, Shook, Garrison

and Cox on May 2, 3,4, 2012.  Plaintiff did not receive any response from the

defendant's counsel.  Plaintiffs made  good faith efforts to coordinate a date for the

depositions of defendants.  However, opposing counsel has refused to consider any

dates.  Defendants' counsel has not acted in good faith regarding resolution of

the setting of deposition or providing responses to interrogatories to Plaintiff and

ignored all of the good faith efforts of the Plaintiff to resolve the conflict and

schedule the depositions of the defendants.

Here, defendants are again employing their same strategy of not cooperating

with the discovery process, by impeding Plaintiff's efforts to depose defendants

prior to the discovery cut-off date of February 7, 2014.

# IIII.

## THE STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule shall not be modified except upon a showing of good cause and with the judge's consent "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." Good cause exists when a deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." Bradford v. Dana Corp., 249 F.3d 807, 809 (8th Cir. 2001) In analyzing Rule 16(b) of the Federal Rules of Civil Procedure, the party seeking the extension bears the burden of demonstrating that despite its diligence, a deadline cannot be met.

Here, the discovery deadlines in the current Scheduling Order cannot be met due to the defendant unwillingness to cooperate, provide discovery, and make defendants Brown, Shook, Garrison and Cox available for deposition. The defendant will not be prejudiced by an extension of the scheduling order. This is "good cause" for granting the extension. Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir.1990).

## IV.
## ARGUMENT

The Plaintiffs have diligently made efforts to complete discovery in this matter, with the defendants' attempts to frustrate the same. Plaintiff has served notice of deposition on all defendants in this matter to be held prior to the discovery deadline.  Instead, defendants would like a date for depositions to be held after the discovery deadline.  Defendants have frustrated the discovery process.  Ergo, the scheduling order's discovery deadline of February 7, 2014 cannot be met.  Thus, Plaintiffs now ask this court to extend the motions and discovery deadline and the dates in the scheduling order due to the defendants' lack of cooperation.   Any extension in this matter would not inconvenience the defendants. Finally, Plaintiffs have shown of diligence in attempting to receive the discovery and depose the defendant's within the court's scheduling order for discovery deadline of February 7, 2014.

**WHEREFORE,** the undersigned prays that this Court grant the Plaintiff's' motion to extend and amend the scheduling order and for all other proper and just relief.

Respectfully submitted,

/s/ Teresa Bloodman
Attorney for Plaintiff
P.O. Box 13641
Maumelle, AR 72113
 (501) 373-8223 Office
  teresabloodman@yahoo.com

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, hereby certify that on this 3rd day of February 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participating counsel of record listed below; and I further certify that I have mailed the document, via U.S. Mail, postage prepaid, to all non CM/ECF participants listed below:

Mr. George J. Bequette, Esq.
425 West Capitol Avenue, Suite 3200
Little Rock, AR     72201
Telephone: (501) 374-1107
Fax: (501) 374-5092
jbequette@bbpalaw.com

Mr. Scott P. Richardson
Assistant Attorney general
323 Center Street, Suite 200
Little Rock, AR 72201-2610
Telephone: (501) 682-1019
Fax: (501) 682-2591
scott.richardson@arkansasag.gov

/s/Teresa Bloodman