IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
WESTERN DIVISION

TERESA BLOODMAN, Parent and Natural Guardian
of John Doe, a minor child                                                                    PLAINTIFF

vs.                                        No. 4:11-cv-00818-JMM

DR. TOM KIMBRELL, Arkansas Department of Education,
Individually Named and Official Capacity;
DR. JERRY GUESS, Superintendent, Pulaski County Special
School District, Individually Named and Official Capacity;
DR. TAMEKIA BROWN, Principal, Maumelle High School,
Individually Named and Official Capacity;
MICHAEL SHOOK, Coach, Maumelle High School,
Individually Named and Official Capacity;
GROVER GARRISON, Coach, Maumelle High School,
Individually Named and Official Capacity;
SHERMAN COX, Athletic Director, Maumelle High School,
Individually Named and Official Capacity,                                          DEFENDANTS

---

**SEPARATE DEFENDANTS' COMBINED RESPONSE TO PLAINTIFF'S MOTION TO
QUASH NOTICE AND AMENDED NOTICES TO TAKE DEPOSITION OF PLAINTIFF
AND PLAINTIFF'S SON AND FOR PROTECTIVE ORDER, PLAINTIFF'S MOTION
FOR EXTENSION OF TIME AND TO AMEND THE SCHEDULING ORDER AND
OTHER PENDING MATTERS, PLAINTIFF'S MOTION FOR ORDER TO COMPEL
ATTENDANCE AT DEPOSITION AND DISCLOSURES AND IN THE ALTERNATIVE
TO EXTEND THE DISCOVERY DEADLINE, AND SEPARATE DEFENDANTS'
COMBINED MOTION FOR PROTECTIVE ORDER AND SANCTIONS**

---

Separate Defendants, Dr. Jerry Guess, Dr. Tamekia Brown, Michael Shook, Grover Garrison,

Sherman Cox, and the Pulaski County Special School District (collectively, the "District"), by their

attorneys, Bequette & Billingsley, P.A., for their Combined Response to Plaintiff's Motion to Quash

Notice and Amended Notices to Take Deposition of Plaintiff and Plaintiff's Son and for Protective

Order ("Plaintiff's Motion to Quash"), Plaintiff's Motion for Extension of Time and to Amend the

Scheduling Order and Other Pending Matters ("Plaintiff's Motion for Extension"), Plaintiff's Motion

for Order to Compel Attendance at Deposition and Disclosures and in the Alternative to Extend the Discovery Deadline ("Plaintiff's Motion to Compel") (collectively, "Plaintiff's Motions"), and Separate Defendants' Combined Motion for Protective Order and Sanctions, allege and state:

1.     As to Plaintiff's Motion to Quash, Motion for Extension and Motion to Compel, the District admits that notices and cross-notices to take depositions of Plaintiff and her son have been served by Defendants.  The District further admits the existence of the scheduling order entered by the Court and the motions filed by Plaintiff, which speak for themselves.  The District otherwise denies the remaining allegations set forth in Plaintiff's Motions.

2.     Plaintiff's Motions contain allegations that are false, confusing and misleading.  The District states affirmatively as follows:

(a)     On December 13, 2013, shortly after the final scheduling order was issued, counsel for Separate Defendant Dr. Tom Kimbrell ("Kimbrell") sent a letter via email and U.S. Mail to Plaintiff requesting on behalf of all Defendants that the depositions of Plaintiff and her son be scheduled in preparation for the trial of this case on January 28, 29, 30 or 31, 2014.  A copy of counsel for Kimbrell's December 13, 2013 letter is attached hereto as Exhibit "A."  Plaintiff never responded to counsel for Kimbrell's request.

(b)     Plaintiff never responded to the December 13, 2013 letter.  So, counsel for Kimbrell served a second letter with notices for depositions of Plaintiff and her son for January 28, 2014.  Counsel for Kimbrell stated in the cover letter that he was "happy to work with [Plaintiff] on the scheduling of these depositions as long as we can schedule them before the discovery deadline of February 7, 2014."  Accordingly, on January 6, 2014, counsel for Kimbrell served notices on

-2-

Plaintiff for depositions of Plaintiff and her son for January 28, 2014.  Copies of the letter and notices are attached hereto as Exhibit "B."

        (c)      On January 15, 2014, Plaintiff emailed the paralegal for Kimbrell's counsel advising that Plaintiff was unavailable on January 29 but that Plaintiff was available on February 6. A copy of Plaintiff's January 15, 2014 email is attached hereto as Exhibit "C."  The Court's scheduling order, however, established the discovery deadline as February 7, 2014.  *See* Dkt. No. 109.

        (d)      On January 16, 2014, Kimbrell's counsel sent an email to Plaintiff advising that due to the pending discovery deadline, depositions of Plaintiff and her son should be rescheduled sometime during the week of January 29.  A copy of counsel for Kimbrell's January 16, 2014 email is attached hereto as Exhibit "D."  Plaintiff never responded to this email.

        (e)      On January 27, 2014, Defendants' counsel initiated a conference call with Plaintiff to discuss the pending discovery issues.  During that telephone conversation, after Plaintiff explained that she had a scheduling conflict on January 28, Plaintiff and Defendants agreed to reschedule the depositions of Plaintiff and her son for February 5, 2014.  Accordingly, on January 27, 2014, counsel for Kimbrell noticed the depositions of Plaintiff and her son for February 5, 2014 and counsel for the District served a cross-notice of deposition on Plaintiff for these depositions.  Copies of the notices and cross-notices are attached hereto as Exhibit "E."

        (f)      During the telephone conversation on January 27, 2014, Plaintiff requested dates for the scheduling of Defendants' depositions.  Due to the pending discovery deadline and in order to determine whether the Defendants were available, counsel tentatively scheduled these depositions on February 18 and 20, 2014 by agreement after the discovery deadline, subject to the

availability of the parties.   Counsel for the District subsequently sent an email to Plaintiff on January 29, 2014 confirming the availability of the District Defendants for depositions on February 18 and 20, 2014.  A copy of counsel for the District's email to Plaintiff on January 29, 2014 is attached hereto as Exhibit "F."  Plaintiff never responded to counsel's email.  On the same day, counsel for Kimbrell notified Plaintiff by email that the Commissioner of Education could be available for deposition at 11:00 a.m. on February 18, 2014.  A copy of counsel for Kimbrell's email is attached hereto as Exhibit "G."

(g)     Plaintiff and her son failed to appear for the depositions on February 5, despite such depositions being noticed and cross-noticed.  *See* Exhibit E.  A copy of the deposition transcript is attached hereto as Exhibit "H."

(h)     To counsel's knowledge, Plaintiff has never served notices of deposition on counsel for Defendants.  The first time Defendants' counsel learned that Plaintiff wished to take depositions of Defendants was during the telephone conference on January 27.   At that time, Defendants' counsel agreed to make Defendants available for deposition on February 18 and 20, subject to the availability of Defendants on those dates.  However, on February 6, 2014, Plaintiff served subpoenas on Defendants' counsel for depositions of the Defendants on February 11, 2014, without inquiring as to whether any of the Defendants or their counsel are even available on that date.[1]  Copies of the subpoenas served on the District Defendants are attached hereto as Exhibit "I."

3.      Plaintiff has failed and refused to respond to written discovery propounded by Defendants.  *See* Dkt. Nos. 122 and 128.

---

[1] Counsel for the District is not available on February 11, as he is taking depositions in another case on that date in Northwest Arkansas.

4.     Plaintiff failed to certify in Plaintiff's Motions that she has in good faith conferred or attempted to confer with Defendants' counsel pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 7.2(g).

5.     Pursuant to Fed. R. Civ. P. 11, 26(c) and 37, this Court should prohibit Plaintiff from supporting any of the claims raised by Plaintiff in her Second Amended Complaint or from opposing the defenses raised in the District's Answer; strike Plaintiff's Second Amended Complaint; dismiss the Second Amended Complaint with prejudice; enter an order requiring Plaintiff to pay the District's reasonable attorney's fees and costs incurred in the defense of this action caused by Plaintiff's failure to cooperate in discovery; and enter a protective order quashing the subpoenas issued by Plaintiff to the District Defendants.  Alternatively, this Court should extend the discovery deadline for the limited purpose of compelling Plaintiff to respond to Defendants' written discovery requests, and requiring Plaintiff and her son to appear for depositions.

6.     The District's counsel has in good faith attempted to confer with Plaintiff in an effort to resolve this dispute without court action.

7.     The District's Brief in Support of this Combined Response and Motion is filed concurrently herewith.

8.     The District requests that the Court schedule a hearing on the pending discovery motions.

WHEREFORE, Separate Defendants, Dr. Jerry Guess, Dr. Tamekia Brown, Michael Shook, Grover Garrison, Sherman Cox, and the Pulaski County Special School District, pray that the Court grant the District's relief requested herein; for the District's attorney's fees and costs incurred herein; and for all other appropriate relief.

Respectfully submitted,

**/s/ Jay Bequette**
Bar Number 87012
BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
E-mail: jbequette@bbpalaw.com

Attorneys for Separate Defendants Dr. Jerry Guess,
Dr. Tamekia Brown, Michael Shook, Grover
Garrison, Sherman Cox, and Pulaski County Special
School District

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014, I electronically filed the foregoing with the Clerk
of Court using the CM/ECF system, which will send notification of such filing to the following:

Teresa Bloodman, Esq.          teresabloodman@yahoo.com

Scott P. Richardson, Esq.      scott.richardson@arkansasag.gov; agcivil@arkansasag.gov;
                               danielle.williams@arkansasag.gov

**/s/ Jay Bequette**
Bar Number 87012
BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
E-mail: jbequette@bbpalaw.com

J:\MARGO\Pcssd\Bloodman\Combined Response to Plaintiff's Motions2.wpd