IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERESA BLOODMAN, Parent and Natural
Guardian of John Doe, a Minor                                                            PLAINTIFF

V.                                          4:11CV00818 JMM

DR. TOM KIMBRELL, Arkansas Department of
Education, et al,                                                                        DEFENDANTS

## ORDER

The Eighth Circuit Court of Appeals remanded this case on one issue:

Bloodman's claim that her son lost credit toward graduation when he was transferred from the elective athletic class that he had been attending to a study hall and then to a home economics class, in violation of school policies (1) prohibiting transfers without parental consent and (2) prohibiting reassignment to a class after eight weeks of the semester have elapsed.

The Court of Appeals directed this Court to consider "whether these school policies created a justifiable expectation that the son would not be so transferred and reassigned, for purposes of determining whether a property interest protected under the Due Process Clause was at stake."

Defendants Dr. Tom Kimbrell and the Arkansas Department of Education ("ADE") (collectively the "State Defendants") have filed a motion to dismiss Plaintiff's claim against them. The ADE and Dr. Kimbrell, in his official capacity, argue that they are entitled to sovereign immunity. Dr. Kimbrell, in his individual capacity, argues he is entitled to qualified immunity. In the alternative, the State Defendants contend that the Plaintiff has not made any allegations against them in her Second Amended Complaint.

In the response to the motion to dismiss, Plaintiff claims that her son's class assignments were made by employees of the ADE, led by Defendant Kimbrell. The class assignments were made arbitrarily and capriciously in violation of her son's rights. Plaintiff states, "[A]ny

conduct on the part of the other named defendants who are employees of the Arkansas Department of Education and one of its Districts under the auspices of Dr. Kimbrell, is enough of an allegation." Pl.'s Response Brief, ECF No. 114 at 5.  Plaintiff attests to the fact that her son is no longer a student at Maumelle High School.  However, because of the Defendant's arbitrary and capricious actions, John Doe will be forced to attend summer school to complete graduation requirements in order to timely graduate with his class of 2015.  Pl.'s Response Brief, ECF No. 114 at 16.  She states that while claims for declaratory relief and injunctive relief may be mooted, claims for monetary relief cannot.

     Section 1983 claims against the State of Arkansas and its agencies are barred by the Eleventh Amendment.  *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)).  Therefore, the ADE, as a State agency, is immune to suit.  *See Ozarks Unlimited Resources Co-op., Inc. v. Daniels*, 969 S.W.2d 169, 173 (Ark. 1998) ("[T]he State Department of Education enjoys sovereign immunity.").

     Plaintiff's claims against Dr. Kimbrell, in his official capacity, are claims against the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Monetary damage claims against State defendants in their official capacities are barred by sovereign immunity.  However, monetary damages are not at issue because Plaintiff has not made any claim for monetary damages against any defendant in this case.  *See* Second Amended Complaint, ECF No. 78.

     Plaintiff's claim for injunctive relief, however, is not barred by sovereign or qualified immunity.  *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir.2009) ("[T]he Eleventh Amendment bars damages claims against the states, but generally does not bar claims for prospective injunctive relief against public officials in their official capacities.").  However, Plaintiff does

not request any injunctive relief that is still available at this time.  Her son is not a student at Maumelle High School and there is no indication that he can be placed in a class that would eliminate the need for him to take summer school.  Therefore, her claim for injunctive relief against Dr. Kimbrell is moot.

Moreover, "[i]t is well settled that respondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King,* 130 F.3d 1309 (8th Cir. 1997).  Therefore, Defendant Kimbrell's status as the Director of the ADE does not provide a basis for liability in this case. And Plaintiff has not set forth any additional facts in her Second Amended Complaint which state a claim against Dr. Kimbrell, in his individual or official capacity.

For these reasons, the Motion to Dismiss filed by the State Defendants (ECF No. 105) is GRANTED.  Defendants Kimbrell and the Arkansas Department of Education are dismissed from this suit.

IT IS SO ORDERED this 28th day of February, 2014.

_____
James M. Moody
United States District Judge