IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERESA BLOODMAN, Parent and Natural
Guardian of John Doe, a Minor                                                          PLAINTIFF

V.                                      4:11CV00818 JMM

DR. TOM KIMBRELL, Arkansas Department of
Education, et al,                                                                      DEFENDANTS

## ORDER

Pending is the Plaintiff's Motion for Recusal, Amended Motion for Recusal, Motion for Order to Make Disclosures and Sanctions, and Motion for Scheduling Order. Defendants move the Court to enter a Protective Order providing that depositions not be held and that discovery not be due until the Court has ruled on their Motion to Dismiss.

As the Court ordered previously, a new scheduling order will not be issued until the Court has ruled on the pending Motion to Dismiss filed by the remaining defendants. Discovery is not necessary until the Court has ruled on this motion. Therefore, Plaintiff's Motion for Order to Make Disclosure and for Sanctions and Plaintiff's Motion for Scheduling Order are denied at this time. Defendants' Motion for Protective Order is granted.

Plaintiff asks the Court to recuse from her case because she feels that the Court's impartiality is in question. Plaintiff specifically argues that because the Court continued the February 21, 2014 trial date at the request of the Defendants, because the Court did not issue a new scheduling order at that time, and because the Court granted the Motion to Dismiss of Defendants Arkansas Department of Education and Dr. Kimbrell, the Court's impartiality is questionable.

A judge must recuse himself if his "impartiality might reasonably be questioned," (28

U.S.C. § 455(a)), but he has an equal obligation not to recuse himself when there is no reason to do so. *Southwestern Bell Telephone Co. v. F.C.C*, 153 F.3d 520, 523 (8th Cir.1998). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S., at 583, 86 S.Ct., at 1710. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. U.S.,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994). After thorough review, the Court finds that the rulings made in this case may be grounds for appeal, but not for recusal. Plaintiff's Motion to Recuse and Amended Motion to Recuse are denied.

In conclusion, the Motion for Order (ECF No. 152), Motion for Recusal (ECF No. 153), Motion for Order (ECF No. 154), and Amended Motion for Recusal (ECF No. 155) are DENIED. The Motion for Protective Order (ECF No. 156) is GRANTED.

IT IS SO ORDERED this 5th day of March, 2014.

_____
James M. Moody
United States District Judge