IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERESA BLOODMAN, Parent and Natural
Guardian of John Doe, a Minor                                              PLAINTIFF

V.                               4:11CV00818 JMM

DR. TOM KIMBRELL, Arkansas Department of
Education, et al,                                                          DEFENDANTS

## ORDER

Pending is the Renewed Motion to Dismiss filed by Defendants Dr. Jerry Guess, Dr. Tameka Brown, Michael Shook, Grover Garrison, and Sherman Cox ("Defendants"). Although the Court has given Plaintiff additional time to do so, Plaintiff has failed to file a response to the Motion.

Plaintiff has one claim remaining in this case. Plaintiff claims that the Defendants violated the Due Process Clause when they transferred Plaintiff's son from the elective athletic class in which he had enrolled to a study hall and then to a home economics class. The Court must consider whether Plaintiff had a property interest, *i.e.*, a justifiable expectation that he would not be so transferred and reassigned based upon school policies that (1) prohibited transfers without parental consent and (2) prohibited reassignment to a class after eight weeks of the semester had elapsed. Defendants contend that the Plaintiff's claim should be dismissed because her son withdrew from the Pulaski County Special School District in 2012 and, therefore, the claim is now moot.

A motion to dismiss pursuant to Federal Rule 12(b)(6) should only be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). "[T]his basic deficiency

should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion.... Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)).

Plaintiff filed her Complaint in November, 2011, when her son was a student at Maumelle High School which is in the Pulaski County Special School District. In her Second Amended Complaint, Plaintiff seeks declaratory relief for violation of her son's Due Process right with regard to his transfer from the athletic class.[1] According to records provided by the Defendants, Plaintiff's son withdrew from Maumelle High School and the Pulaski County Special School District the following school year in August, 2012. Plaintiff has not denied the accuracy of this record.

> In order for a federal court to hear a case, there must be a definite and concrete controversy involving adverse legal interests at every stage in the litigation. *Carson v. Pierce,* 719 F.2d 931, 933 (8th Cir. 1983). The controversy must be one for which the

---

[1] Plaintiff also sought injunctive relief with regard to her claim that her son was released from the basketball team in violation of his rights. Plaintiff asked the Court to reinstate her son to the basketball team. (Second Amended Complaint, ECF No. 78 at p. 11).

court can grant specific and conclusive relief. *Id.* Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief.

*McFarlin v. Newport Special School Dist.*, 980 F.2d 1208, 1210 (8th Cir. 1992) (citing *T.L.J. v. Webster,* 792 F.2d 734, 738 (8th Cir. 1986); *Flittie v. Erickson,* 724 F.2d 80, 81 (8th Cir. 1983); *see also Police Retirement Sys. v. Midwest Inv. Advisory Serv., Inc.,* 940 F.2d 351, 356 (8th Cir. 1991) (case is moot when decision of court would not have any real effect)). Because Plaintiff's son is no longer a student in the District, the Court cannot grant any effective relief to the Plaintiff. Further, Plaintiff has not provided any argument that the "capable of repetition, yet evading review" doctrine should apply to this case. Therefore, the remaining Due Process claim is moot. The Court lacks jurisdiction to consider the merits of the claim.

For these reasons, the Renewed Motion to Dismiss (ECF No. 148) is GRANTED. Plaintiff's Second Motion for Recusal (ECF No. 170), Motion for Order for Findings of Facts and Conclusions of Law (ECF No. 171), Motions to Issue Scheduling Order (ECF No. 172 and 173), and Motion to Disqualify Attorneys (ECF No. 174) are DENIED for the reasons stated in previous Orders of this Court. The Clerk is directed to close the case.

IT IS SO ORDERED this 2nd day of April, 2014.

James M. Moody Jr.
United States District Judge